**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

DELOISE MCMURRAY, individually, and
on behalf of all others similarly situated,

Plaintiff,

v.

STRATEGIC LIMITED PARTNERS, LP and
GENUINE DATA SOLUTIONS,

Defendant(s).

Civil Action No. 4:24-cv-00512

Honorable Judge Alfred H Bennett

**DEFENDANT'S RULE 36 MOTION TO DEEM FACTS ADMITTED**

NOW COMES the Defendant, STRATEGIC LIMITED PARTNERS, LP, by its attorneys Peterson, Johnson & Murray LLC and moves this Honorable Court to deem facts admitted, pursuant to Rule 36, and states as follows:

**Background**

1.  Plaintiff, Deloise McMurray, filed her Complaint on February 12, 2024 (Doc. 1).

2.  On November 27, 2024, at 2:07 PM, Defendant served written discovery and Rule 36 Requests for Admission upon Plaintiff. A copy of the email is attached as Group Exhibit 1. The written discovery attached to that email is attached hereto as Group Exhibit 2. The Requests for Admission that were served at that time are attached as Exhibit 3.

3.  Defendant did not receive a response to the November 27, 2024 email, nor any responsive discovery or timely responses to the Requests to Admit.

4.  By December 27, 2024, Defendant had not received any response or correspondence regarding the Requests for Admission.

4.  Local Rule 7.1 D generally requires that "[t]he movant has conferred with the respondent," and "Counsel cannot agree about the disposition of the motion." L.R. 7.1. D (1-2).

1

5. On January 6, 2025, at 11:04 AM, defense counsel emailed Plaintiff regarding the November 27, 2024 service of requests to admit and stated that"[p]ursuant to Southern District L.R. 7.1 D and Judge Bennett's standing orders, parties need to meet and confer regarding the bringing of a discovery-related motion . . . Defendant will be seeking a motion to deem facts admitted, but it must contain a certificate of conference. Accordingly, please advise if you would like to conference further regarding this. But moving forward, we will need your position regarding that motion." (Group Ex. 1, Jan. 6, 2025 email C. Ketter to A. Ginsburg at p. 1).

6. Defendant has not received a response to that email and was accordingly unable to reach any agreement about the disposition of the motion, pursuant to L.R. 7.1. D (1-2).

7. The Standing Court Procedures and Practices of this Court require that "[i]n circumstances where opposition remains uncertain, the party filing the motion must make at least two attempts to ascertain whether the relief is opposed and must state in the certificate of conference the number of attempts made to contact the opposing party, the method of those attempts (i.e., fax, e-mail, telephone call, postal mail), the date and time of the attempts, and the results obtained thereby. Even motions that may be unopposed, joint, or agreed by two or more parties require a certificate of conference stating that there is no opposition." Court Pro. and Pract. 5(c).

8. On January 10, 2025, at approximately 3:42 PM, CT, defense counsel followed up and called the office of plaintiff's counsel at the phone number that is listed on the firm's website, available at: https://www.kazlg.com/attorneys/amy-lynn-bennecoff-ginsburg-esq/. Defense counsel left a voicemail, citing Local Rule 7.1 D, with reference to the November 27, 2024 and January 6, 2025 emails, the unanswered requests for admission, the outstanding discovery, and a contemplated motion to deem facts admitted.

9.      As of this filing, Defense counsel has not received any response to that follow-up phone call and cannot obtain agreement about the disposition of this motion.

**Legal Standard**

10.      The standards for a motion to deem facts admitted are primarily governed by Rule 36 of the Federal Rules of Civil Procedure. According to Rule 36(a), if a request for admission is not answered within thirty days after service, and no objection is lodged, the matter is deemed admitted. *See* F.R.C.P.(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.").

11.      This rule is strictly enforced, and any matter admitted under Rule 36(a) is "conclusively established" and "may serve as the basis of a motion for summary judgment." *See Eber v. Harris County Hospital District*, 130 F. Supp. 2d 847, 853 (S.D. Tex. 2001) (citing Fed. R. Civ. P. 36(b); *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 549 (5th Cir. 1985); *Western Horizontal Drilling, Inc. v. Jonnet Energy Corp.*, 11 F.3d 65, 70 (5th Cir. 1994) ("upholding trial court's summary judgment finding of alter ego status based on deemed admissions"); *In re Liberty Trust Co.*, 903 F.2d 1053, 1056 (5th Cir. 1990) ("court acted properly when it granted . . . unopposed motion for summary judgment, particularly so in light of the deemed admissions"); and *Stewart v. Jones*, 946 F. Supp. 466, 470 n.4 (S.D. Miss. 1996) ("failure to respond to requests for admission can lead to a grant of summary judgment where the essential issue is deemed admitted by the non-responding party")).

12.      In addition to ordering a matter deemed admitted, after good faith attempts to confer, pursuant to Federal Rule 37 (a)(2), discovery-related motions brought for an opponent's failure to comply, if granted, are subject to order of payment of expenses for noncompliance—such as evasiveness, incompleteness, or non-responsiveness. Fed. R. Civ. P. (a)(1, 3-5).

13.     On January 10, 2025, Plaintiff's deadline to disclose any experts passed without any disclosure thereof. (Doc. 20). And discovery closes in less than 90 days. (*Id.*). Notably, Plaintiff has never issued written discovery to Defendant in this case, nor has Plaintiff served the other named defendant.  The failure to answer the aforementioned Request to Admit is not an oversight, as there has been no diligence in prosecuting this case.

WHEREFORE, for the above and foregoing reasons, Defendant, STRATEGIC LIMITED PARTNERS, LP respectfully requests that this Honorable Court enter an Order deeming the facts sought in Defendant's Request for Admission admitted, and any other relief this Court deems necessary and just.

Respectfully submitted:

By:     ***/s/ Dominick L. Lanzito***

Dominick L. Lanzito
Attorney in Charge
Attorneys for Strategic Limited Partners, LP
***Admitted Pro Hac Vice***
Peterson, Johnson & Murray LLC
1301 W. 22nd Street, Suite 500
Oak Brook, Illinois 60523
(312) 724-8035
dlanzito@pjmlaw.com
Illinois Bar No. 6277856
Texas Bar No. 24144951

Alexander J. Gonzales
Gonzales Taplin PA
9600 Westminster Glen Avenue
Austin, TX 78730
(512) 799-0528
agonzales@gonzalestaplin.com
Attorney No. 08118563

## CERTIFICATE OF SERVICE

I hereby certify that January 15, 2025, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Southern District of Texas, Houston Division, by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

By:    */s/ Dominick L. Lanzito*
Dominick L. Lanzito

Dominick L. Lanzito
Attorney in Charge
Attorneys for Strategic Limited Partners, LP
*Admitted Pro Hac Vice*
Peterson, Johnson & Murray LLC
1301 W. 22nd Street, Suite 500
Oak Brook, Illinois 60523
(312) 724-8035
dlanzito@pjmlaw.com
Illinois Bar No. 6277856
Texas Bar No. 24144951